1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WALTER W. CONNELL,

11            Petitioner,                    No.  2:  11-cv-1884 GEB DAD P

12        vs.

13    SUSAN HUBBARD, Warden,                 ORDER AND

14            Respondent.                    FINDINGS & RECOMMENDATIONS

15    _____/

16            Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  In January of 2001 petitioner was convicted in the

18    Sacramento County Superior Court of several sex offenses involving a child under the age of

19    fourteen.  On February 23, 2001 he received a sentence of thirty-two years imprisonment

20    followed by seventy-five years to life imprisonment.  Petitioner raises several claims in his

21    federal habeas petition pending before this court; specifically:  (1) the criminal complaint against

22    him was filed beyond the statute of limitations; (2) he was illegally sentenced to upper-term,

23    consecutive sentences on counts 1-5 of conviction; (3) there was a judicial abuse of discretion in

24    keeping a particular juror during voir dire when the prospective juror told another prospective

25    juror that the defendant must be guilty; (4) juror misconduct when a prospective juror told

26    /////

1

another prospective juror that the defendant must be guilty during voir dire; (5) denial of his

Miranda rights; and (6) improper sentencing enhancements were imposed.

Respondent has filed a motion to dismiss the petition on the grounds that it is

untimely.  Petitioner has opposed the motion to dismiss and respondent has filed a reply.  For the

reasons set forth below, it is recommended that the motion to dismiss be granted.

## I.  PROCEDURAL HISTORY

On May 28, 2002, the California Court of Appeal for the Third Appellate District

affirmed petitioner's judgment of conviction.  (See Resp't's Lodged Doc. 2.)  The California

Supreme Court denied his petition for review on August 14, 2002.

On May 26, 2003[1] petitioner filed a petition for writ of habeas corpus in the

Sacramento County Superior Court.  (See Resp't's Lodged Doc. 5.)  The Sacramento Superior

Court denied that habeas petition on June 24, 2003.  (See Resp't's Lodged Doc. 6.)  Thereafter,

on August 6, 2003 petitioner filed a petition for writ of habeas corpus in the California Court of

Appeal.  (See Resp't's Lodged Doc. 7.)  The California Court of Appeal denied that habeas

petition on August 15, 2003.  (See Resp't's Lodged Doc. 8.)  Petitioner then filed a state habeas

petition in the California Supreme Court on September 18, 2003, which summarily denied the

petition on June 9, 2004.  (See Resp't's Lodged Docs. 9 & 10.)

Next, petitioner filed another state habeas petition in the California Supreme

Court on December 13, 2004.  (See Resp't's Lodged Doc. 11.)  On February 22, 2006, the

California Supreme Court stated the following in denying the habeas petition, "Petition for writ

of habeas corpus is DENIED.  (See In re Robbins (1998) 18 Cal.4th 770, 780; In re Clark (1993)

---

[1] Where applicable, the dates used for Petitioner's filings are pursuant to the prisoner mailbox rule.  Under the mailbox rule, a prisoner's pro se habeas petition "is deemed filed when he hands it over to prison authorities for mailing" to the relevant court.  See Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citing Houston v. Lack, 487 U.S. 266 (1988).  The mailbox rule applies to federal and state petitions.  See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) ("[A] pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court.");  Huizar, 273 F.3d at 1222.

1   5 Cal.4th 750; In re Swain (1949) 34 Cal.2d 300, 304; People v. Duvall (1995) 9 Cal.4th 464,

2   474.)" (Resp't's Lodged Doc. 12.)

3         On February 21, 2007, petitioner filed another state habeas petition in the

4   Sacramento County Superior Court. (See Resp't's Lodged Doc. 13.) The Sacramento County

5   Superior Court denied this state habeas petition in a written opinion on May 9, 2007. In denying

6   the petition, the court stated that the petition was successive and that it raised issues that should

7   have been raised on appeal. Additionally, the court explained that even if the petition was not

8   procedurally barred petitioner failed to state a prima facie case for relief. (See Resp't's Lodged

9   Doc. 14.)

10         In July 2007, petitioner filed another state habeas petition in the California Court

11   of Appeal. (See Resp't's Lodged Doc. 15.) That court denied the petition citing to In re Steele,

12   32 Cal. 4th 682, 692 (2004) and In re Hillery, 202 Cal. App. 2d 293 (1962). (See Resp't's

13   Lodged Doc. 16.)

14         On July 12, 2009, petitioner filed yet another state habeas petition in the

15   Sacramento County Superior Court. (See Resp't's Lodged Doc. 17.) That court denied the

16   petition on September 21, 2009. (See Resp't's Lodged Doc. 18.)

17         On August 18, 2010, petitioner again filed a state habeas petition in the

18   Sacramento County Superior Court. (See Resp't's Lodged Doc. 19.) The Superior Court denied

19   the petition in a written decision on October 14, 2010. (See Resp't's Lodged Doc. 20.)

20         On October 27, 2010, petitioner filed a state habeas petition in the California

21   Court of Appeal. (See Resp't's Lodged Doc. 21.) That petition was summarily denied on

22   November 4, 2010. (See Resp't's Lodged Doc. 22.)

23         On November 12, 2010, petitioner filed another state habeas petition in the

24   Sacramento County Superior Court. (See Resp't's Lodged Doc. 23.) The Superior Court denied

25   that petition on January 13, 2011 in a written decision. (See Resp't's Lodged Doc. 24.)

26   /////

On December 5, 2010, petitioner filed a state habeas petition in the California Supreme Court.  (See Resp't's Lodged Doc. 25.)  The California Supreme Court denied that petition citing to the decisions in Robbins and Clark on June 8, 2011.  (See Resp't's Lodged Doc. 26.)

On January 26, 2011, petitioner filed a state habeas petition in the California Court of Appeal.  (See Resp't's Lodged Doc. 27.)  The California Court of Appeal summarily denied that petition on February 4, 2011.  (See Resp't's Lodged Doc. 28.) ]

This federal habeas proceeding began when petitioner filed his federal habeas petition on July 11, 2011.  On May 7, 2012, respondent filed a motion to dismiss the federal habeas petition arguing that the petition was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

## II.  STATUTE OF LIMITATIONS UNDER AEDPA

Petitioner filed his federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions.  More specifically, 28 U.S.C. § 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme

4

1   Court, if the right has been newly recognized by the
2   Supreme Court and made retroactively applicable to
    cases on collateral review; or

3   (D) the date on which the factual predicate of the
    claim or claims presented could have been
4   discovered through the exercise of due diligence.

5   (2) The time during which a properly filed application for State
    post-conviction or other collateral review with respect to the
6   pertinent judgment or claim is pending shall not be counted toward
    any period of limitation under this subsection.
7

8   Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled

9   during the time a properly filed application for post-conviction relief is pending in state court.

10  The statute of limitations is not tolled during the interval between the date on which a decision

11  becomes final and the date on which the petitioner files his first state collateral challenge.  See

12  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review

13  becomes final and the filing of a state habeas petition is not tolled[.]").  Once state collateral

14  proceedings are commenced, a state habeas petition is "pending" during one full round of review

15  in the state courts, including the time between a lower court decision and the filing of a new

16  petition in a higher court, as long as the intervals between the petitions are "reasonable."  See

17  Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23

18  (2002)).

19          III.  ANALYSIS OF RESPONDENT'S MOTION TO DISMISS

20      A.  Commencement of the Statute of Limitations

21          Under 28 U.S.C. § 2244(d)(1), the statute of limitations begins to run on "the date

22  on which the judgment became final by the conclusion of direct review or the expiration of the

23  time for seeking such review."  Thus, the statute of limitations begins to run upon either:  (1) the

24  conclusion of all direct criminal appeals in the state court system, followed by either the

25  completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if

26  certiorari was not sought, then by the conclusion of all direct criminal appeals followed by the

1   expiration of the time permitted for filing a petition for writ fo certiorari.  See Wixom v.

2   Washington, 264 F.3d 894, 897 (9th Cir. 2001).  In this case, the California Supreme Court

3   issued its opinion denying the petition for review on petitioner's direct appeal on August 14,

4   2002.  The time for petitioner to seek review from the United States Supreme Court through a

5   petition for writ of certiorari ended on November 12, 2002, or ninety days after the California

6   Supreme Court denied petitioner's petition for review.  See Brown v. Roe, 188 F.3d 1157, 1159

7   (9th Cir. 1999) ("The period within which Bowen could have sought direct review of his

8   conviction therefore included the ninety-day period within which Bowen could have filed a

9   petition for writ of certiorari from the United States Supreme Court.  Consequently, the one-year

10  limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period

11  expired.").

12       B.  Statutory Tolling

13       Petitioner filed his first state habeas petition in the Sacramento County Superior

14  Court on May 25, 2003, or 194 days after the start of the one-year AEDPA statute of limitations.

15  The AEDPA tolls the statute of limitations during the period in which a properly filed application

16  for post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2).

17       Respondent concedes that the statute of limitations for the filing of federal habeas

18  petition was statutorily tolled during petitioner's first three state habeas petitions.  The California

19  Supreme Court denied petitioner's third state habeas petition on June 9, 2004.  At that point,

20  respondent contends, petitioner had completed his one full round of collateral review in state

21  court.  Thereafter, petitioner filed a fourth state habeas petition in the California Supreme Court

22  on December 13, 2004.  Respondent argues that the time period between the June 9, 2004 denial

23  and the December 13, 2004 should not be tolled.

24       An application is considered "pending" during a time that a California petitioner

25  completes a full round of state collateral review, so long as there is no unreasonable delay in the

26  intervals between a lower court decision and the filing of a petition in a higher court.  See

6

1   Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as

2   recognized by, Waldrip v. Hall, 548 F.3d 729, 733 (9th Cir. 2008).

3          Petitioner began a second round of state collateral proceedings when he filed his

4   state habeas petition in the California Supreme Court on December 13, 2004.  The period

5   between the conclusion of his first round of state collateral proceedings which ended on June 9,

6   2004 and when he began a new round of collateral proceedings on December 13, 2004, (a period

7   of 186 days) is not subject to statutory tolling.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th

8   Cir. 2003); see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (petitioner "is not

9   entitled to statutory tolling during the period of inaction between his separate applications for

10  relief in the California state courts").  Accordingly, by the time petitioner filed his fourth state

11  habeas petition in the California Supreme Court on December 13, 2004, petitioner's AEDPA

12  statute of limitations had expired since 380 days of non-tolled time had already run.  Because the

13  AEDPA statute of limitations had run by the time  petitioner filed his December 13, 2004 state

14  habeas petition in the California Supreme Court, it is unnecessary to determine whether

15  petitioner's subsequent state habeas petitions statutorily tolled the AEDPA statute of limitations.

16  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a state

17  petition after the federal limitations period has ended has no effect).[2]

18          C.  Equitable Tolling

19          The AEDPA statute of limitations for the filing of a federal habeas petition

20  expired prior to petitioner filing his December 13, 2004 state habeas petition in the California

21  Supreme Court.  Therefore, petitioner's federal habeas petition which was filed in 2011 is barred

22  by the AEDPA statute of limitations unless petitioner is entitled to equitable tolling.

23          The limitations period is subject to equitable tolling if the petitioner demonstrates:

24  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

25 ─────────────────

26      [2]  As noted above, however, petitioner did not file the pending federal habeas petition
    until July 11, 2011.

7

1    stood in his way.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (citing Irwin v. Dep't of Veterans

2    Affairs, 498 U.S. 89, 96 (1990)).  Petitioner bears the burden to show that he is entitled to

3    equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

4         Here, in opposing the motion to dismiss, petitioner makes several claims in

5    support of equitable tolling.  First, petitioner asserts that he has limited education and is

6    untrained in the law.  (See Dkt. No. 17 at p. 5.)  However, this contention does not warrant

7    equitably tolling the statute of limitations.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.

8    2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

9    circumstance warranting equitable tolling.")

10        Next, petitioner claims that he

11       was on the mainline yards with charges he could not expose to
         anyone, even in an attempt to garner the services of inmate
12       paralegals for fear of his own safety.  This condition continued
         beyond the AEDPA deadline.  Until meeting his current inmate
13       paralegal in February of 2010, petitioner held-out no hope he could
         pursue these claims.

14

15   (Dkt. No. 17 at p. 5.)  This argument also does not warrant equitably tolling the statute of

16   limitations.  First, petitioner did not have a right to legal counsel in pursuing his state habeas

17   petitions.  See Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("[A] criminal defendant has no

18   right to counsel beyond his first appeal in pursuing state discretionary or collateral review[.]").

19   Furthermore, to the extent petitioner argues that he is entitled to equitable tolling because he

20   could not expose his crimes of conviction to other inmates, it is worth noting that petitioner filed

21   numerous state habeas petitions both before and after the AEDPA statute of limitations for his

22   filing of a federal petition had expired.

23        Third, petitioner asserts that he is entitled to equitable tolling because he mailed

24   his trial transcripts to his brother's house due to safety concerns but they were destroyed in a

25   flood.  (See Dkt. No. 17 at p. 6.)  The Ninth Circuit has stated that a complete lack of access to a

26   legal file may constitute an extraordinary circumstance sufficient to warrant equitable tolling.

8

See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).  However, in this case petitioner has

failed to make the requisite showing that he was without his legal file while his AEDPA statute

of limitations period was running.  For example, petitioner fails to state when this purported

flood occurred.  As previously stated, petitioner bears the burden of showing that he is entitled to

equitable tolling.  Therefore, by failing to show that this flood affected his access to his legal file

and transcripts during the running of the AEDPA statute of limitations, petitioner's argument is

insufficient to justify equitably tolling the statute of limitations period.  Moreover, it is worth

reiterating that petitioner was able to file three state habeas petitions before the AEDPA statute of

limitations expired as well as numerous state habeas petitions after the AEDPA statute of

limitations expired.  This fact belies his argument for equitable tolling on this basis.

Petitioner also asserts that he is entitled to equitable tolling because he "spent

more than a year in Ad. Seg." (Dkt. No. 17 at p. 6.)  This argument is also insufficient to warrant

equitable tolling.  First, petitioner's placement in administrative segregation in and of itself does

not warrant an extraordinary circumstance for equitable tolling.  See Ramirez, 571 F.3d at 998.

Furthermore, petitioner does not state in his opposition to the motion to dismiss when his

placement in administrative segregation occurred.  A review of the record, however, indicates

that petitioner was placed in administrative segregation on June 5, 2001.  (See Dkt. No. 1 at p.

50.)  At that point, petitioner's AEDPA statute of limitations had not even started to run.  As

previously stated, the AEDPA statute of limitations for the filing of a federal habeas petition in

petitioner's case began to run on November 12, 2002.  To equitably toll the statute of limitations,

petitioner must show that the extraordinary circumstances were the cause of his untimeliness.

See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Accordingly, petitioner fails to

establish that his placement in administrative segregation on June 5, 2001 warrants equitable

tolling.

Petitioner also claims that various correctional officers abused him by calling him

names such as "pervert," "child molester" and "baby rapist."  (See Dkt. No. 17 at p. 6.)  In

support of this argument, petitioner cites to Exhibit D of his federal habeas petition.  That exhibit

includes a 602 inmate appeal form filed by petitioner.  The incident complained of therein

purportedly occurred in August 2001.  Even if the court were to assume that this constituted an

"extraordinary circumstance," petitioner fails to show that this "extraordinary circumstance" was

the cause of his untimeliness in seeking federal habeas relief.  See Spitsyn, 345 F.3d at 799.  As

noted, the 602 form indicates that the incident complained of occurred in August 2001, or over

one year prior to the commencement of the AEDPA statute of limitations which began to run in

November 2002.  Again, thereafter petitioner filed several state habeas petitions both before and

after his AEDPA statute of limitations expired.  Accordingly, this argument also does not warrant

equitably tolling the statute of limitations.

Next, petitioner asserts that he was prejudiced by the California Supreme Court's

unjustifiable delay in denying his December 2010 state habeas petition.  More specifically,

petitioner states that the "[p]etition for writ of habeas corpus was filed with the state's highest

court on December 10, 2010 and denied on June 8, 2011.  (180 days).  The California Rule of

Court # 4.551(a)(3)(A) states:  'The court must rule within 60 days after the petition is

filed.'"  (See Dkt. No. 17 at p. 7.)  However, as previously stated, the statute of limitations for the

seeking of federal habeas relief had expired by the time petitioner filed his fourth habeas petition

with the California Supreme Court on December 13, 2004.  Accordingly, petitioner was not

prejudiced since the AEDPA statute of limitations period had already expired.[3]

D.  Cunningham v. California

Finally, petitioner argues that the Supreme Court's decision in Cunningham v.

California, 549 U.S. 270 (2007) provides an alternative commencement date for the AEDPA

statute of limitations.  In Cunningham, 549 U.S. at 275, the Supreme Court concluded that

---

[3]  Furthermore, it is worth noting that petitioner's statute of limitations was statutorily
tolled during his first three state habeas petitions.  Accordingly, petitioner was not "prejudiced"
during the pendency of those state habeas petitions.

1    California's determinate sentencing law was unconstitutional because it authorized the trial

2    judge, not a jury, to make factual determinations that would expose a defendant to upper-term

3    sentencing.  Petitioner appears to seek the benefit of 28 U.S.C. § 2244(d)(1)(C) in opposition to

4    respondent's motion to dismiss.  Under § 2244(d)(1)(C) the AEDPA statute of limitations begins

5    to run from the date upon which the Supreme Court recognizes a new constitutional right that has

6    been made retroactively applicable to cases on collateral review.

7          Petitioner's reliance on Cunningham to avoid the bar of the statute of limitations

8    is misplaced.  The Ninth Circuit has held that Cunningham did not establish a new rule of law, as

9    required for the application of § 2244(d)(1)(C).  See Butler v. Curry, 528 F.3d 624, 636 (9th Cir.

10   2008) ("In short, Cunningham did not add any new elements or criteria for determining when a

11   state statute violates the Sixth Amendment . . . . That the Supreme Court held for the first time

12   that California's sentencing scheme violates the Sixth Amendment does not render its decision in

13   Cunningham a new rule.") (internal quotation marks omitted).  Instead, Cunningham simply

14   applied the rule of Blakely v. Washington, 542 U.S. 296 (2004) to a similar sentencing scheme.

15   Even if the court were to construe petitioner's argument as being predicated on Blakely, the

16   decision in that case is not retroactively applicable to cases on collateral review.  See Schardt v.

17   Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  Petitioner's conviction became final in 2002, well

18   before the decision in Blakley was issued by the United States Supreme Court in 2004.

19   Accordingly, petitioner's reliance on Cunningham (as well as Blakely) does not alter the

20   commencement date of the AEDPA statute of limitations period in petitioner's case.[4]

21   /////

22   /////

23

24        [4] Petitioner also cites to the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) in
     his opposition to the motion to dismiss.  However, to the extent that petitioner relies on

25   Apprendi, it could not alter the commencement of the statute of limitations period for the filing
     of a federal habeas petition by petitioner because it was decided before petitioner's conviction

26   became final.

1    Because petitioner has failed to establish that he is entitled to equitable tolling,

2    respondent's motion to dismiss the petition as time-barred should be granted.

3                          IV.  CHANGE OF RESPONDENT

4    Respondent requests that the name of the respondent be changed to Connie

5    Gipson as she is the current warden at the California State Prison – Corcoran where petitioner is

6    currently incarcerated.  Federal Rule of Civil Procedure 25(d) provides that a court may at any

7    time order substitution of a public officer who is a party in an official capacity whose predecessor

8    dies, resigns, or otherwise ceases to hold office.  Because Connie Gipson is the individual who

9    now currently has custody of petitioner at the California State Prison – Corcoran, the caption of

10   this case will be changed to reflect the proper party respondent.

11                                CONCLUSION

12   Accordingly, IT IS HEREBY ORDERED that the Clerk shall replace SUSAN

13   HUBBARD with CONNIE GIPSON as the respondent in this matter.

14   Furthermore, IT IS HEREBY RECOMMENDED that respondent's motion to

15   dismiss (Dkt. No. 15.) be GRANTED.

16   These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

18   one days after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21   shall be served and filed within fourteen days after service of the objections.  The parties are

22   advised that failure to file objections within the specified time may waive the right to appeal the

23   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections,

24   petitioner may address whether a certificate of appealability should issue in the event he files an

25   appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases

26   /////

1   (the district court must issue or deny a certificate of appealability when it enters a final order

2   adverse to the applicant).

3   DATED: September 21, 2012.

_____

DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

DAD:dpw

DAD1/prisoner-habeas/conn1884.157

13